UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: EVENFLO COMPANY, INC.,
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION					MDL No. 2938


**TRANSFER ORDER**


**Before the Panel**: Plaintiffs in three actions have filed two separate motions under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation. Movants in two actions seek centralization in the District of Massachusetts. Movant in one action seeks centralization in the Eastern District of Wisconsin.[1] Plaintiffs' motions include eleven actions pending in eight districts, as listed on Schedule A. The Panel also has been notified of seventeen potentially-related actions filed in eight districts.[2]

All responding parties support centralization. Plaintiffs in eight actions and potential tag-along actions support centralization in the District of Massachusetts. Defendant Evenflo Company, Inc. (Evenflo), and plaintiffs in seven actions and potential tag-along actions support centralization in the Southern District of Ohio.

On the basis of the papers filed and hearing session held,[3] we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from allegations that Evenflo misled consumers to purchase its "Big Kid" booster seats by (1) claiming the seats were "side impact tested" and exceeded governmental standards, without revealing that Evenflo created its own test, which showed that a child seated in its booster could be in danger in a side impact crash; and (2) failing to inform consumers that the seats were dangerous for children weighing less than 40

---

[1] In her reply, the latter movant supports centralization alternatively in the District of Massachusetts or the District of South Carolina, and states she is joined by plaintiffs in three additional actions and five potentially-related actions, represented by common counsel.

[2] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[3] In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of May 28, 2020. *See* Suppl. Notice of Hearing Session, MDL No. 2938 (J.P.M.L. May 12, 2020), ECF No. 84.

pounds. Each of these overlapping class actions will involve discovery regarding the design, testing, and marketing of the booster seat, as well as Evenflo's decision to represent the booster seat as safe for children under 40 pounds. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings on class certification and other issues, and conserve the resources of the parties, their counsel, and the judiciary.

The District of Massachusetts is an appropriate transferee district for this litigation. Ten cases are pending there before the Honorable Denise J. Casper, an experienced transferee judge. We are confident she will steer these cases on an efficient and prudent course. Additionally, the District of Massachusetts, where Evenflo's senior management are located, is an easily accessible district for this nationwide litigation.[4]

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of Massachusetts are transferred to the District of Massachusetts , and, with the consent of that court, assigned to the Honorable Denise J. Casper for coordinated or consolidated pretrial proceedings.

---

[4] Certain plaintiffs in favor of centralization in the Southern District of Ohio argue that the Panel should centralize this litigation in the Southern District of Ohio because the Supreme Court's ruling in *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal.*, 137 S. Ct. 1773 (2017), may pose an impediment to certification of a nationwide class elsewhere. Specifically, a single plaintiff speculates in her brief that defendant "likely will argue" that specific jurisdiction is lacking in the District of Massachusetts, which presents an "unnecessary risk that could adversely impact the effort to certify a national class." *Anderson* Resp., MDL No. 2938, ECF No. 31 at pp. 5, 2. This argument is unavailing, because the Panel does not consider the possible implications of potential rulings when it selects a transferee district. *See In re Equifax, Inc., Customer Data Sec. Breach Litig.*, 289 F. Supp. 3d 1322, 1325 (J.P.M.L. 2017) (rejecting certain plaintiffs' arguments in favor of centralization in districts with precedent favorable to plaintiffs on the issue of Article III standing). Indeed, an assessment of the legal merits is beyond the Panel's authority. *See In re Kauffman Mut. Fund Actions*, 337 F. Supp. 1337, 1339-40 (J.P.M.L.1972) ("The framers of Section 1407 did not contemplate that the Panel would decide the merits of the actions before it and neither the statute nor the implementing Rules of the Panel are drafted to allow for such determinations."). Plaintiff further argues that the uncertainty created by the specter of such jurisdictional arguments suggests that transfer to any district outside the Southern District of Ohio would be inefficient and could result in additional case filings and pretrial proceedings. *See Anderson* Resp. MDL No. 2938, ECF No. 31 at pp. 2-3. We cannot surmise whether these predictions will bear out and decline to base our transfer decision on such conjecture.

-3-

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |

**IN RE: EVENFLO COMPANY, INC.,
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION**                                    MDL No. 2938

## SCHEDULE A

<u>Eastern District of California</u>

PERRY v. EVENFLO COMPANY, INC., C.A. No. 2:20-00377

<u>District of Massachusetts</u>

XAVIER, ET AL. v. EVENFLO COMPANY, INC., C.A. No. 1:20-10336
EPPERSON, ET AL. v. EVENFLO COMPANY, INC., C.A. No. 1:20-10359
MATTHEWS v. EVENFLO COMPANY, INC., C.A. No. 1:20-10379

<u>District of Minnesota</u>

ANDERSON v. EVENFLO COMPANY, INC., C.A. No. 0:20-00569

<u>Eastern District of New York</u>

SCHNITZER v. EVENFLO COMPANY, INC., C.A. No. 2:20-01000

<u>Eastern District of North Carolina</u>

RAMASAMY v. EVENFLO COMPANY, INC., C.A. No. 5:20-00068

<u>Southern District of Ohio</u>

WILDER v. EVENFLO COMPANY, INC., C.A. No. 3:20-00061
SAPEIKA v. EVENFLO COMPANY, INC., C.A. No. 3:20-00068

<u>District of South Carolina</u>

ALSTON v. EVENFLO COMPANY, INC., C.A. No. 9:20-00801

<u>Eastern District of Wisconsin</u>

ROSE v. EVENFLO COMPANY, INC., C.A. No. 2:20-00287